IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

MAURICE KING

:

v.                                    : Civil Action No. DKC 2005-0571

:

MONTGOMERY COUNTY
 PUBLIC SCHOOLS                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this disability rights action is the motion by Defendant for summary judgment (paper 26).  The issues are fully briefed and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the reasons that follow, the motion will be granted.

**I.  Background**

Plaintiff Maurice King seeks relief under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, alleging that he is a qualified person with a disability and Defendant Montgomery County Public Schools, properly known as the Board of Education of Montgomery County ("the Board"), discriminated against him based on his disability when it excluded him from parent-teacher conferences.

The facts, viewed in the light most favorable to the non-moving party, are as follows.  Plaintiff claims he is disabled because he suffers from major depression without psychosis. Plaintiff is the father of two minor children who attend Montgomery County Public Schools.  Plaintiff was actively involved in the

education of his children until August 2002 when he separated from his wife.   (Paper 1 ¶ 2).   Plaintiff alleges that after his separation from his wife, but prior to the entry of a court order determining custody and visitation rights,[1] Defendant excluded him from participation in parent-teacher conferences.   Defendant asserts that it did not exclude Plaintiff from parent-teacher conferences.  (Paper 26, Ex. 2, Answer No. 4).

Plaintiff believes that his exclusion from parent-teacher conferences was disability-based discrimination because of two incidents.  First, Plaintiff claims that one of his son's teachers, Thomas Christina, wrote that Plaintiff was "not sane" in a written evaluation apparently submitted for use during the custody dispute between Plaintiff and his wife in the Circuit Court for Montgomery County.  (Paper 26, Ex. 1, King Dep., at 71).   Second, Plaintiff claims that after he spoke on the telephone with Patricia Eaton, an educator who worked with his son, she called the police and falsely reported Plaintiff to be suicidal.  (*Id*. at 72).

On January 21, 2005, Plaintiff filed a *pro se* complaint in the United States District Court for the District of Columbia seeking $10,000,000 in damages and naming as Defendants the Board and three of its employees.   The court transferred the case to the United

---

[1]   On February 14, 2003, the Circuit Court for Montgomery County, Maryland entered an Order prohibiting Plaintiff from personally contacting his children's schools, physicians, or therapists.   (Paper 27, Ex. 4).

States District Court for the District of Maryland and the case was accepted for filing by this court on February 25, 2005.  This court required Plaintiff to supplement his complaint, specifically directing him to identify his disability, the service or activity he claimed to have been denied, and the fundamental right of which he claimed to have been deprived.  (Paper 4).  On March 29, 2005, Plaintiff filed a supplement to his complaint.  On May 9, 2005, this court entered a Memorandum dismissing all but one claim, exclusion from parent-teacher conferences, and all but one Defendant, the Board.   Defendant filed the instant motion for summary judgment on January 16, 2007, arguing that Plaintiff has not stated a cognizable cause of action under the ADA.  (Paper 26).

## II.  Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.

1979).   The moving party bears the burden of showing that there is
no genuine issue as to any material fact and that he is entitled to
judgment as a matter of law.   *See* Fed.R.Civ.P. 56(c); *Catawba
Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th
Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must
construe the facts alleged in the light most favorable to the party
opposing the motion.   *See United States v. Diebold*, 369 U.S. 654,
655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592,
595 (4th Cir. 1985).   A party who bears the burden of proof on a
particular claim must factually support each element of his or her
claim. "[A] complete failure of proof concerning an essential
element . . . necessarily renders all other facts immaterial."
*Celotex Corp.*, 477 U.S. at 323.   Thus, on those issues on which the
nonmoving party will have the burden of proof, it is his or her
responsibility to confront the motion for summary judgment with an
affidavit or other similar evidence in order to show the existence
of a genuine issue for trial.   *See Anderson*, 477 U.S. at 256;
*Celotex Corp.*, 477 U.S. at 324.   However, "[a] mere scintilla of
evidence in support of the nonmovant's position will not defeat a
motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d
529, 536 (4th Cir.), *cert. denied*, 522 U.S. 810 (1997).   There must
be "sufficient evidence favoring the nonmoving party for a jury to
return a verdict for that party. If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III.  Analysis

Title II of the ADA prohibits discrimination in the provision of public services by providing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  To establish a violation of the ADA, "a plaintiff must show (1) that he has a disability; (2) that he is otherwise qualified for the benefit in question; and (3) that he was excluded from the benefit due to discrimination solely on the basis of the disability."  *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999).  Plaintiff complains that because of his depression, Defendant excluded him from parent-teacher conferences from the date of his marital separation in August 2002 until the entry of the court Order in February 2003.

An individual is "disabled" if he "(A) [has] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) [has] a record of such an impairment; or (C) [has been] regarded as having such an impairment."  42 U.S.C. § 12102(2).  "[T]hese terms need to be interpreted strictly to create a demanding standard for qualifying as disabled. . . ."  *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534

U.S. 184, 197 (2002).  Plaintiff claims that his diagnosis of major depression without psychosis qualifies him as an individual with a disability within the meaning of the ADA.  The United States Court of Appeals for the Fourth Circuit has recognized depression as a qualifying disability under certain circumstances.  *See Rohan v. Networks Presentations LLC*, 375 F.3d 266, 274 (4th Cir. 2004); *Baird*, 192 F.3d at 467 n.3.  Plaintiff testified that he was first diagnosed with major depression in 1996.  (Paper 26, Ex. 1, King Dep., at 55).   Plaintiff  has  not  described  how  his  mental impairment  substantially  limits  one  or  more  of  his  major  life activities,  has  not  submitted  evidence  of  a  record  of  such impairment, nor has he submitted evidence of having been regarded as having such an impairment.   Plaintiff does, however, list the contact information for several medical providers who have examined him within the last five years and provides that a number of them have prescribed him various anti-depressant medications.  (Paper 27, Ex. 1, Answer Nos. 5-7).  Assuming *arguendo* that Plaintiff is a qualified individual with a disability, his claim still fails for the reasons stated below.

The  second  element  requires  Plaintiff  to  show  that  he  is qualified  to  participate  in  the  service,  activity,  or  benefit offered by the public entity.  Plaintiff claims that his children were  students  at  schools  in  the  Montgomery  Count  Public  School system and he was excluded from participating in parent-teacher

conferences.    The   Fourth   Circuit   has   not   decided   whether
participation   in   parent-teacher   conferences   is   an   activity   or
service under the ADA, although at least one other federal court of
appeals has so held.  *See Rothschild v. Grottenhaler*, 907 F.2d 286,
293  (2[d]  Cir.  1990)  (holding  that  "school-initiated  conferences
incident  to  the  academic  and/or  disciplinary  aspects  of  their
child's education" qualify as a service, activity, or benefit of a
public  entity).    Defendant  concedes  that  if  participation  in
parent-teacher  conferences  qualifies  as  a  service,  activity,  or
benefit of a public entity, Plaintiff would have been qualified to
participate  in  that  activity  until  entry  of  the  court  Order  on
February 14, 2003.

Defendant argues that Plaintiff is unable to satisfy the third
element  because  he  cannot  show  that  he  was  excluded  from  the
benefit  due  to  discrimination  solely  on  the  basis  of  the
disability.   Defendant  argues  that  Plaintiff  cannot  show  that  he
was actually excluded from the parent-teacher conferences.  In his
deposition,  Plaintiff  was  unable  to  identify  any  specific
parent-teacher  conferences  from  which  he  was  excluded,  stating
generally, "I was excluded from everything."   (Paper 26, Ex. 1,
King Dep., at 54).   Similarly, when Plaintiff was asked to state
each  instance  he  had  requested  a  parent-teacher  conference
regarding his son and the response he received from Defendant, he
responded that he made the requests "by phone to various school

7

personnel on several different dates." (*Id*. Ex. 3, Answer No. 11).

Plaintiff failed to identify any specific dates he called

Defendant, names of people with whom he spoke, or the specific

responses he received.  Defendant has offered evidence that it did

not exclude Plaintiff from parent-teacher conferences.  In its

answers to interrogatories, Defendant identified numerous occasions

when it contacted Plaintiff during the 2002-2003 school year

regarding his son's education.  (Paper 26, Ex. 2, Answer No. 9).

Notably, in October 2002 there was a parent-teacher conference

attended by Plaintiff, Ms. Eaton and Mr. Christina regarding

Plaintiff's son.  (*Id*.).   This evidence directly negates

Plaintiff's claim that he was excluded from parent-teacher

conferences between August 2002 and February 2003.  Plaintiff did

not respond directly to this evidence.  Plaintiff's general

assertions that he was excluded from parent-teacher conferences are

insufficient to create a genuine issue of material fact in light of

Defendant's evidence that Plaintiff did participate in at least one

parent-teacher conference during the relevant time period.

Plaintiff has failed to come forward with evidence for an essential

element of his claim, and thus summary judgment is warranted.

Because Plaintiff's failure to come forward with evidence that

he was excluded from parent-teacher conferences is an adequate

reason to grant Defendant's motion for summary judgment, the court

need not address Defendant's second argument that Plaintiff cannot

show that Defendant was aware of his disability and thus he cannot demonstrate that it discriminated against him on the basis of his disability.

## IV. Conclusion

For the foregoing reasons, the motion of Defendant for summary judgment will be granted.  A separate Order will follow.


                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge